UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL P. BRACKETT and MARY CAROL BRACKETT,

            Plaintiff,

-vs-                                        Case No. 6:10-cv-1430-Orl-31KRS

WELLS FARGO BANK, N.A.,

            Defendant.

## ORDER

      This matter comes before the Court on the Motion for Preliminary Injunction (Doc. 2) (henceforth, the "Motion") filed by the Plaintiffs, Daniel and Mary Brackett, who appear *pro se* in this matter. The Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), has not filed a response. The deadline for filing a response has not yet passed, and there is no indication in the record that Wells Fargo has yet been served.

      The Motion and the Complaint (Doc. 1), which it mimics almost entirely, are obviously cookie-cutter affairs. They include a few details specific to the instant case – the Plaintiffs' names and address, the identity of the Defendant, and some figures drawn from the loan at issue. But the vast bulk of these 25-plus page documents is made up of generic allegations of rampant misbehavior in the American finance industry and legal conclusions that could have been copied from treatises or hornbooks. (This is not to say that all of the legal conclusions made in the Complaint are accurate. To the contrary, after a cursory review, the Court has identified at least

some that are not.)  All of the legal conclusions are presented without the support of particularized factual allegations.  For example, the Plaintiffs assert that the Defendant lacks standing to foreclose.  Separately, the Plaintiffs describe how some (unidentified) lenders sold or transferred notes and mortgages.  But there is no allegation along the lines of, "Wells Fargo sold the note and mortgage to Countrywide in October 2008 and therefore no longer possesses standing."  Every plaintiff is obligated to provide enough factual allegations to raise their right to relief above the speculative level, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007), and to indicate the presence of the required elements of their causes of action, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  The Plaintiffs here have not done so.

The unusually large number of claims asserted (or apparently intended to be asserted) in the Complaint, combined with the utter absence of factual allegations in support, suggests that the Complaint was file solely to gum up the works of an imminent or ongoing foreclosure proceeding. Although the Plaintiffs are not attorneys, they are required to comply with Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part that:

(b) Representations to the Court.

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b). Violations of Rule 11 may result in monetary or other forms of sanctions.

Although the Court has not determined that the Plaintiffs have violated Rule 11, it is obvious that they have not complied with Rule 8, which requires that every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. Accordingly, the Court will dismiss the Complaint, without prejudice to the Plaintiffs' right to file an amended complaint. Should the Plaintiffs choose to file such an amended complaint, they should state their claim or claims in short and plain terms, relying on actions taken by the Defendant in this case rather than general allegations as to actions taken within the finance industry as a whole. They should also take care to insure that their actions satisfy the requirements of Rule 11. In regard to the Motion, given that the Court is *sua sponte* dismissing the Complaint on which it is based (and which it in large part mimics), the Plaintiffs

have failed to show a likelihood of success on the merits. Therefore, the Motion will be denied without prejudice.

In consideration of the foregoing, it is hereby

**ORDERED** that the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, as detailed above. And it is further

**ORDERED** that the Motion for Preliminary Injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 4, 2010.

_____
   GREGORY A. PRESNELL
   UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party